UNITED STATES, Appellee

v.

Michael S. Farley, Sergeant
U.S. Army, Appellant

No. 03-0646

Crim. App. No. 20001079

United States Court of Appeals for the Armed Forces

Argued November 9, 2004

Decided March 18, 2005

CRAWFORD, J., delivered the opinion of the Court, in which
GIERKE, C.J., EFFRON, BAKER, and ERDMANN, JJ., joined.

<u>Counsel</u>

For Appellant: Captain Eric D. Noble (argued); Colonel Mark
Cremin, Lieutenant Colonel Mark Tellitocci,and Captain Rob W.
MacDonald (on brief); Colonel Robert D. Teetsel, Major Allyson
G. Lambert, and Captain Gregory M. Kelch.

For Appellee: Captain Mason S. Weiss (argued); Colonel Steven T.
Salata and Lieutenant Colonel Theresa A. Gallagher (on brief).

Military Judge: Robert F. Holland

**THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION**.

Judge CRAWFORD delivered the opinion of the Court.

Pursuant to his pleas at trial by military judge, Appellant was convicted of rape of a child under the age of twelve, sodomy with a child under the age of twelve, and indecent acts with a child under the age of sixteen in violation of Articles 120, 125, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920, 925, and 934 (2000). Appellant was sentenced to a dishonorable discharge, twenty-three years of confinement, total forfeiture of pay and allowances, and reduction to the lowest enlisted grade. The convening authority waived the forfeitures and reduced the term of confinement to nineteen years. The United States Army Court of Criminal Appeals affirmed the findings and sentence. On July 7, 2004, we granted review of the following issue:

> WHETHER THE MILITARY JUDGE ERRED IN FINDING THAT APPELLANT'S DECISION TO PLEAD GUILTY AT TRIAL WAIVED HIS FIFTH AND SIXTH AMENDMENT RIGHTS RETROACTIVELY WITH RESPECT TO INTERVIEWS CONDUCTED WHILE IN PRETRIAL CONFINEMENT AND LATER USED DURING THE SENTENCING PHASE OF HIS TRIAL.

We need not decide whether there was error, because any error was harmless.

On May 14, 2000, Appellant's wife and a friend brought Appellant's eleven-year-old stepdaughter, HF, to the local hospital. Following procedure mandated by Texas statute, Child Protective Services (CPS) was notified of the allegation of

child abuse.  Ms. Martin, a Texas state social worker, began the CPS assessment of a possible threat to the family's two children by interviewing HF.  As part of her investigation requiring her to speak to all family members, Ms. Martin, together with coworker Sam Warren, interviewed Appellant in the Bell County, Texas, jail.  Ms. Martin did not advise Appellant of his rights under Miranda v. Arizona[1] or Article 31, UCMJ, 10 U.S.C. § 831 (2000), before beginning the interview.  Ms. Martin testified that, during the interview:

> [Appellant] said something to the effect that he needed to touch -- he had just got [sic] out of the field.  His relationship with his wife was bad and his daughter [HF] was there, so he did it.  And he said that if his mother was there he would did it [sic] to her also . . . I am thinking he was referencing having sex.

(emphasis added).

Ms. Martin testified at Appellant's July 13, 2000, pretrial investigation pursuant to Article 32, UCMJ, 10 U.S.C. § 832 (2000).  Later, on August 23, 2000, pursuant to Military Rule of Evidence (M.R.E.) 304(d)(1),[2] the Government, in a pretrial disclosure statement, notified defense counsel that Appellant

---

[1] 384 U.S. 436 (1966).

[2] M.R.E. 304(d)(1) states: "Prior to arraignment, the prosecution shall disclose to the defense the contents of all statements, oral or written, made by the accused that are relevant to the case, known to trial counsel, and within the control of the armed forces."

United States v. Farley, No. 03-0646/AR

made the above statement.[3]  Four days before trial, the
Government notified defense counsel that Mr. Warren from CPS
would be called to testify.  The following day, the Government
advised defense counsel that Ms. Martin would testify instead of
Mr. Warren and that her testimony would cover the same
statements by the accused that were to have been the subject of
Mr. Warren's proposed testimony.  Defense counsel acknowledged
having received this notice late in the day on Friday, August
22.

Before receiving Appellant's pleas, the military judge
advised him that "any motion to dismiss any charge or to grant
other relief shall be made at this time."  Defense counsel
responded that Appellant had an unlawful command influence (UCI)
motion, and added that "depending on who the government calls as
witnesses, we may have some brief motions to suppress statements
made by the accused."  When asked if they were ready to proceed,
both defense counsel responded affirmatively, "[o]ther than with
regard to [a] possible request to have a slight delay to meet
the alleged government sentencing witness[.]"  The military

---

[3] The disclosure statement from the Government said:

> The Accused made statements to the following
> individuals:  On or about 16 May 00, the Accused
> stated to CPS Case Worker Sam Warren, "I just needed
> the touch the other day.  If my mother were there, I
> would have had sex with her as well," or words to that
> effect.

4

judge then asked Appellant to enter his plea "[w]ithout prejudice to the defense to resolve this UCI motion later[.]" Defense counsel did not move at this time to suppress Appellant's pretrial statements to Ms. Martin.

During the providence inquiry, the military judge informed Appellant that by pleading guilty he waived his right against self-incrimination (i.e., "the right to say nothing at all"); his right to a trial of the facts by a court-martial (i.e., "the right to have the court determine whether or not you are guilty based on the evidence presented by the prosecution and on any evidence that you may present"); and "the right to confront and cross-examine any or all of the witnesses against you." Appellant persisted in pleading guilty and agreed to the waiver outlined above.  Appellant's guilty pleas were not conditional, and the pretrial agreement contained no terms limiting his right to submit motions or enter objections.

According to the record, after Appellant pleaded guilty but before Ms. Martin testified, the defense moved to suppress her testimony:

> CDC: [B]efore we call her . . . I still have to talk with co-counsel to make sure, we have a motion to suppress statements made to [Ms. Martin].

> MJ: [W]hy is defense counsel at this point on a day of trial still figuring out whether or not to make a motion.  I don't understand that.

> . . . .

5

> CDC: The witness list that we received on Friday had a, I think, Sam Warren on it and we were not notified until just recently that it was going to be Miss Martin instead. And there were statements made to her that we believe are suppressible. . . .

After Ms. Martin testified, defense counsel moved to strike her testimony as violative of the Fifth and Sixth Amendments. The military judge ruled that the motion was untimely because it was made after Appellant's plea of guilty, however, he also reminded Appellant it was not too late for Appellant to withdraw his guilty plea. Furthermore, the military judge noted that, if Appellant withdrew his guilty plea, he would be allowed to resubmit the motion to suppress Ms. Martin's testimony. During the aggravation portion of the presentencing hearing, the military judge admitted Appellant's statement that he "needed a touch."

## DISCUSSION

The parties dispute the application of M.R.E. 304(d)(2)(A) and 304(d)(5).

M.R.E. 304(d)(2)(A) provides:

Motions to suppress or objections under this rule or [M.R.E. 302 or 305] to statements that have been disclosed shall be made by the defense prior to submission of a plea. In the absence of such motion or objection, the defense may not raise the issue at a later time except as permitted by the military judge for good cause shown. Failure to so move or object constitutes a waiver of the objection.

M.R.E. 304(d)(5) provides:

6

> Except as otherwise expressly provided in R.C.M. 910(a)(2), a plea of guilty to an offense that results in a finding of guilty waives all privileges against self-incrimination and all motions and objections under this rule with respect to that offense regardless of whether raised prior to plea.

Even if the military judge did err in applying these two rules, we hold that error was harmless beyond a reasonable doubt. See United States v. Cuento, 60 M.J. 106, 111 (C.A.A.F. 2004).

When the social worker interviewed Appellant in jail, Appellant said that he had just returned from a field exercise and needed to engage in some kind of sex. He described this as "need[ing] a touch." This "touch" could have been from his wife or his mother, if she had been there, Appellant said. When asked about Appellant's expressed desire to touch his mother, the social worker could not remember the circumstances or what Appellant meant. Nor did she follow up as to the meaning of his statement.

The stipulation of fact and a videotape of the victim's statement to an investigator set forth in detail the numerous instances of rape, sodomy, and indecent acts with HF over an extensive period of time. Given the overwhelming nature of this evidence, if there was any error in this case, it was harmless beyond a reasonable doubt.

7

The decision of the United States Army Court of Criminal Appeals is affirmed.